# IN THE SUPERIOR COURT OF GUAM

HELEN JONES, in her capacity as
Administrator for the Estate of JOSE LEON
GUERRERO RIOS AND the Estate of
ANTONIA LEON GUERRERO RIOS,

     PLAINTIFF

  v.

JOSEPH L.G. RIOS,

    DEFENDANT.

)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL CASE NO. CV0430-86

DECISION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR RELIEF

## Introduction

This matter came before the Honorable Maria T. Cenzon on Plaintiff Helen Jones' ("Plaintiff") Motion for Relief Under GRCP Rule 70, filed on June 4, 2019. Defendant Joseph L.G. Rios, by and through his successors, did not file an opposition.[1] Without oral argument, the Court took the matter under advisement pursuant to CVR 7.1 of the Local Rules of the Superior Court of Guam.

## Background

Plaintiff first commenced this action to recover real property in 1986, described as Lot 5161-2, Harmon, Guam, on behalf of the estate of Jose and Antonia Rios. *See* Complaint (May 2, 1986). Defendant Joseph L.G. Rios passed away and his interest was conveyed to his successors

---

[1] Plaintiff brings the instant lawsuit in her capacity as Administrator for th Estate of Jose Leon Guerrero Rios and the Estate of Antonia Leon Guerrero Rios, Defendant and John A. Rios, administrator of Defedant's estate, were previously represented by Attorney Darleen Hilton of Phillips and Bordallo, P.C.

(hereinafter "successors").[2] After many attempts at settlement, the two parties entered into a written Settlement Agreement, Release and Covenant Not to Sue (hereinafter "Settlement Agreement") in 2014, which resolved the real property dispute. *See* Order Closing Case (May 9, 2015). The Settlement Agreement, in sum, ordered the property in dispute to be re-consolidated and re-parceled. Subsequently, a new lot, Lot 5161-2R1 (hereinafter "5161-2R1"), would be created, and Defendant would sign over all interest in 5161-2R1 through deed to Plaintiff. Lot 5161-2R1 would consist of no less than 9,000 square meters. The remainder of the original lot would remain in the Defendant's interest. *See* Settlement Agreement, Sections 8(a)-(c).

Despite Plaintiff's many attempts to effectuate the Settlement Agreement, successors never signed over the deed to 5161-2R1. Consequently, Plaintiff commenced an action with this Court to enforce the Settlement Agreement between the two parties, which this Court granted. Jones v. Rios, Superior Court of Guam Civil Case No. CV0430-86, Decision and Order, p. 6 (Aug. 10, 2018).

According to Plaintiff, she sent a letter to successors requesting that the appropriate person execute the deeds for 5121-2R1 on April 11, 2019. Mot. For Relief Under Rule 70, at p. 2. Successors responded on April 29, 2019, and advised Plaintiff that the parties could meet shortly after May 8, 2019. On May 22, 2019, after hearing nothing more from successors, Plaintiff sent another letter expressing concern that the deeds had not been executed.

On May 31, 2019, successors contacted Plaintiff, claiming that there was a discrepancy between the area for the lots in question indicated on the deeds versus the area indicated for the lots on the re-partition map recorded at the Department of Land Management ("DLM"). Plaintiff asserts, however, that there is no discrepancy about the lot areas between the two documents. Plaintiff has not had any further communication with successors or opposing counsel regarding the Settlement Agreement.

---

[2] The interests of the heirs of Joseph L.G. Rios in and to said property at issue have been conveyed to C&J LLC. Defendant's heirs are described as Joseph L.G. Rios, Jr. and John A. Rios, personally and as co-administrators of the Estate of Joseph L.G. Rios and Candelaria T. Rios, C&J, LLC, Helen R. Rupley, Rose R. Overstreet, and Dawn S. Blas.

On June 4, 2019, Plaintiff filed the instant Motion for Relief Under GRCP Rule 70, with attached exhibits. No oppositions were filed.

### Discussion

Under the Guam Rules of Civil Procedure ("GRCP") Rule 70, if a judgment directs a party to execute a conveyance of land or to deliver deeds, and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the disobedient party, by some other person appointed by the court. GRCP Rule 70. *See also* FRCP Rule 70. When the act is done, it has the effect as if it had been completed by the disobedient party. Id.

Rule 70 only applies "after a judgment is entered." Cristobal v. Siegal, 2012 Guam 16 ¶ 10 (quoting De Beers Consol. Mines v. United States, 325 U.s. 212, 218 (1945)). According to the plain language of the rule, Rule 70 only applies to parties who have failed to perform specific acts, such as failing to deliver deeds, pursuant to a judgment. Cristobal at ¶ 10; *See also* McCabe v. Arave, 827 F.2d 634, 639 (9th Cir. 1987).

This Court's final judgment adopting the Settlement Agreement outlined the steps both parties needed to take in order to effectuate said judgment. Specifically, the Court referenced the Settlement Agreement, which required that upon receipt by counsel for successors of the survey map for the re-partitioned land, the successors shall deliver to Plaintiff an executed grant deed, thus conveying 5121-2R1 to Plaintiff in full. This holding by the Court is a final judgment entered. Based on the evidence presented to this Court, successors have not complied with the Court's previous final judgment. Further, more than enough time has passed for Plaintiff's to properly bring this motion invoking Rule 70. Thus, because a judgment has been entered and successors has not complied with said judgment, Rule 70 applies to this transaction, and the Court has jurisdiction to authorize the Clerk of Court to sign the executed deeds for 5121-2R1 in lieu of the successor's signature.

This Court has already enforced the Settlement Agreement, which defines the straightforward nature of the deed transfer for 5121-2R1. Plaintiff has taken sufficient steps to effectuate the judgment, and successors still have not complied. It has been over a year since this

Court handed down judgment on this issue. Successors have not used their best efforts to effectuate the Settlement Agreement, as this Court so ordered. <u>Jones v. Rios</u>, Superior Court of Guam Civil Case No. CV0430-86, Decision and Order, p. 5 (Aug. 10, 2018). With no party appearing in opposition of this motion, there is no genuine dispute of material fact for the Court to consider. Therefore, the Court will invoke the power granted by Rule 70.

Thus, this Court will grant Plaintiff's motion for relief. The Court will authorize the Clerk of Court to sign the deeds in question, as if signed by Defendant's successors. Following that, Lot 5121-2R1 will be transferred to Plaintiff in full. Because the Court is granting this motion, there is no need to explore the alternative.

<u>Conclusion</u>

Based on the foregoing, Plaintiff's motion for relief is hereby GRANTED. The Clerk of Court will be authorized to sign the deeds conveying Lot 2151-2R1 to Plaintiff, as per the Settlement Agreement. The act will be treated as if completed by Defendant's successors at that time.

SO ORDERED this _____ AUG 29 2019 _____.


_____
**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

SERVICE VIA COURT BOX

I acknowledge that a copy of the original here was placed in the court box on:

m. Thompso~
G. Butler

Date: 8/29/19 Time: 4:35~

Deputy Clerk, Superior Court of Guam